933 F.2d 1007
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Cristobal Diaz AZCUY, Petitioner-Appellant,
v.
Terry L. MORRIS, Respondent-Appellee.
 No. 91-3129.
 United States Court of Appeals, Sixth Circuit.
 May 29, 1991.
 
 1
 Before NATHANIEL R. JONES and ALAN E. NORRIS, Circuit Judges, and JOINER, Senior District Judge.*
 
 ORDER
 
 2
 Cristobal Diaz Azcuy, a pro se Ohio state prisoner, appeals from the district court's judgment denying his petition for a writ of habeas corpus filed pursuant to 28 U.S.C. Sec. 2254. Additionally, he requests the appointment of counsel. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Following a jury trial, Azcuy, along with a co-defendant, was convicted of one count of murder with a firearm specification. He was sentenced to fifteen years to life imprisonment and an additional three years actual incarceration for the firearm specification. His conviction was affirmed on appeal.
 
 
 4
 Thereafter, on February 13, 1990, Azcuy filed his first petition for a writ of habeas corpus. Azcuy claimed ineffective assistance of appellate counsel based upon appellate counsel's alleged failure to appeal the trial court's failure to properly instruct the jury on the elements of aiding and abetting in its charge to the jury and appellate counsel's failure to raise an ineffective assistance of trial counsel claim based on trial counsel's failure to object to the jury instructions. On February 13, 1990, the district court dismissed the petition after finding that Azcuy failed to exhaust available state court remedies. Azcuy did not appeal that decision.
 
 
 5
 Pursuant to the district court's February 13, 1990, order of dismissal, Azcuy filed a motion for reconsideration with the Ohio Court of Appeals which was denied on June 4, 1990. Azcuy pursued his state court remedies no further.
 
 
 6
 Azcuy then filed the instant habeas petition on March 20, 1990. Azcuy raised the same ineffective assistance of appellate counsel claim as was raised in his previous habeas petition. Although the district court again concluded that Azcuy failed to exhaust his available state court remedies with respect to his ineffective assistance of appellate counsel claim, the court reviewed the merits of Azcuy's claim despite the lack of exhaustion. The court found that Azcuy's claim was patently frivolous. See Haggins v. Warden, Ft. Pillow State Farm, 715 F.2d 1050, 1054 (6th Cir.1983), cert. denied, 464 U.S. 1071 (1984) (exhaustion rule is not defeated by presentation of a totally frivolous issue). The district court eventually denied the habeas petition after finding Azcuy's claim to be without merit.
 
 
 7
 Azcuy raises the same ineffective assistance of appellate counsel issue on appeal. He also claims that he was denied a fair trial and due process of law and further claims that he was denied the effective assistance of trial counsel.
 
 
 8
 Upon review, we affirm the district court's judgment because Azcuy has not been denied the rudimentary demands of fair procedure. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990). Regarding the ineffectiveness his appellate counsel, Azcuy failed to meet the stringent standard of Strickland v. Washington, 466 U.S. 668 (1984). Moreover, the additional claims presented on appeal will not be addressed as they were not first presented in the district court for consideration. See White v. Anchor Motor Freight, Inc., 899 F.2d 555, 559 (6th Cir.1990).
 
 
 9
 Accordingly, the request for counsel is denied and the district court's judgment is affirmed pursuant to Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, Senior U.S. District Judge for the Eastern District of Michigan, sitting by designation